UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL-MALIK-BEY ALI,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-879-DRL-MGG

DAVID LIEBEL, HEATHER MONTES,
and WILLIAM CROTO,

    Defendants.

OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali,[1] a prisoner without a lawyer, filed a confusing complaint. ECF 1. He says he is suing six defendants, but he only includes three in his list of defendants. The body of the complaint mentions ten other prison employees, but the prayer for relief only asks for damages from five people. It is unclear who he is suing.

The complaint raises a variety of seemingly unrelated claims spanning many years. He says he has litigated at least one of them in a prior lawsuit. Based on his descriptions in the body of the complaint, there may be more than one. He says he is suing to enforce a settlement agreement, but he knows he cannot do that in this court because he has been told twice before. *See Ali v. Liebel*, 3:23-cv-396 and *Ali v. Liebel*, 3:23-cv-647.

---

[1] In this order, Mr. Ali's name is spelled the way the clerk put it on the docket, but it is unclear how to properly spell his name. Each of the three documents he filed spell it differently. The complaint is captioned "Muft Abdul EL-Malik-Bey Ali." The in forma pauperis motion is captioned "Mufti Abdul El-Malik-Bey Ali." The preliminary injunction motion is captioned, "Mufti Abdul EL-Malik-Bey Ali."

Mr. Ali enumerates seven claims, but he numbers them 1, 2, 3, 4, 1, 5, and 6. It appears there may be others he did not separately identify. Unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Mr. Ali knows not to bring unrelated claims in the same case because he has been told twice before. *See Ali v. Becker*, 3:21-cv-276, and *Ali v. Liebel*, 3:23-cv-346.

"[P]arties [must] make their pleadings straightforward, so that judges and adverse parties need not" struggle to understand them. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Mr. Ali needs to file an amended complaint with only related claims. He must not ask again to enforce the prior settlement agreement. He must not sue about events he has previously litigated.

Mr. Ali also filed a motion asking for preliminary injunctive relief, but "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Until he files a complaint which states a claim, it is not possible for him to make such a showing.

For these reasons, the court:

(1) STRIKES the complaint (ECF 1);

(2) DENIES the motion for injunctive relief (ECF 3);

(3) GRANTS Mufti Abdul El-Malik-Bey Ali until **November 17, 2023**, to file an amended complaint; and

(4) CAUTIONS Mufti Abdul El-Malik-Bey Ali if he does not respond by the deadline, this case will be dismissed without further notice.

2

SO ORDERED.

October 4, 2023                                                            *s/ Damon R. Leichty*
                                                                             Judge, United States District Court