UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL-MALIK-BEY ALI,

Plaintiff,

v.

DAVID LIEBEL, WILLIAM CROTO, and
HEATHER WOLFE,

Defendants.

CAUSE NO. 3:23-CV-879-DRL-MGG

OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali is a prisoner at the Miami Correctional Facility. By counsel, he filed an amended complaint against five defendants.[1] ECF 15. Under 28 U.S.C. § 1915A, the court must review the merits of a complaint (such as this one) where a prisoner seeks relief from a governmental entity or an officer or employee of a governmental entity. The court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or which seek monetary relief against a defendant who is immune from such relief.

In Count I, Mr. Ali raises claims under 42 U.S.C. § 2000cc et seq. (the Religious Land Use and Institutionalized Persons Act or RLUIPA) and Ind. Code § 34-13-9-1 *et seq.* (Indiana's Religious Freedom Restoration Act or RFRA). "RLUIPA provides that no government shall impose a substantial burden on the religious exercise of a person

---

[1] The complaint lists four counts numbered Count I, Count II, Count III, and Count III. This opinion refers to the second Count III as Count IV.

residing in or confined to an institution—including state prisoners—even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022) (quotations, brackets, and citation omitted). "RFRA . . . provides that a governmental entity may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability." *Indiana Fam. Inst. Inc. v. City of Carmel*, 155 N.E.3d 1209, 1213 (Ind. Ct. App. 2020) (quotations omitted).

The complaint alleges Mr. Ali's sincerely held religious beliefs require that he have books (Beginner to Salah/Intro to Islam/Learn Arabic the Easy Way, Arabic-English Dictionary, Quran, and Resurrection, Judgment, and the Hereafter), religious items (Halal tooth paste, Meswak tooth sticks, Halal soap and deodorant, Halal scented prayer oils, an Azan clock, a Thaub 1-piece, a brown Keffia, and a padded prayer rug), Halal/Kosher meals, and space to pray five times a day. The complaint alleges a substantial burden has been placed on the exercise of his religion because he has been denied these.

Under RLUIPA, the allegations in Count I only state a claim for injunctive relief. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011). The complaint seeks injunctive relief,[2] but

---

[2] The complaint seeks both preliminary and permanent injunctive relief. This order does not address the request for preliminary injunctive relief because Mr. Ali did not file a separate preliminary injunction motion as required by N.D. Ind. L.R. 65-1(a).

does not specify which defendant is sought to be enjoined. It is unclear if any of the defendants have the authority to remove all the barriers described, but the court will grant Mr. Ali leave to proceed against David Liebel in his official capacity as the Indiana Department of Correction Director of Religious Services because he appears the most likely to be able to provide the relief requested.

Under RFRA, the allegations in Count I state a claim for injunctive relief. Mr. Ali will be granted leave to proceed against Mr. Liebel in his official capacity. Some of these allegations also state a claim for compensatory damages, but "the Defendants are potentially liable . . . only in their official capacities and not in their individual capacities[.]" *Morales v. Grage*, 211 N.E.3d 591 (Ind. Ct. App. 2023). David Liebel and William Croto, a Chaplin at the Miami Correctional Facility, are alleged to have not granted Ali permission to have religious items (Halal soap, toothpaste, oil, sticks, scarf, and Thaub shirt) on or about March 31, 2022. Mr. Liebel is also alleged to have removed Mr. Ali from the Kosher diet program on September 13, 2023. These allegations state a claim under RFRA against Messrs. Liebel and Croto in their official capacities. Heather Montes, an employee of Aramark Correctional Food Service, is alleged to have not served Kosher meals to Mr. Ali after Mr. Liebel removed him from the Kosher diet program. The complaint provides no facts from which it can be plausibly inferred that she knew Mr. Ali's religious belief required a Kosher diet, that she had any reason to question Mr. Liebel's decision to remove him, or that she had the authority to serve a Kosher meal even

if she did.[3] The complaint does not state a claim against Ms. Montes. Heather Wolfe, a Secretary 4, is alleged to have confiscated religious books (Beginner to Salah/Intro to Islam/Learn Arabic the Easy Way, Arabic-English Dictionary, Quran, and Resurrection, Judgment, and the Hereafter) on or about March 31, 2023, and June 30, 2023. These allegations state a claim under RFRA against Ms. Wolfe in her official capacity.

In Count II, Mr. Ali raises First Amendment retaliation claims. He alleges the actions alleged in Count I were taken in retaliation for his settlement of two lawsuits related to the exercise of his religious beliefs on or about March 3, 2020. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotations omitted). The allegations in Count II state a claim against Mr. Liebel, Ms. Wolfe, and Mr. Croto, but not Ms. Montes. She is only alleged to have stopped serving Mr. Ali a Kosher diet when Mr. Liebel removed him from the Kosher diet program. It is not plausible to infer from that allegation that she was in any way motivated by Mr. Ali's prior lawsuit settlement.

---

[3] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and brackets omitted).

In Count III, Mr. Ali raises Free Exercise claims under the First Amendment based on the same actions which form the basis for his claims in Count I. Under the Free Exercise Clause of the First Amendment, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The Supreme Court also established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Mr. Liebel, Ms. Wolfe, and Mr. Croto may ultimately be able to demonstrate they had legitimate penological objectives for their actions, but the complaint states a claim against them.

In Count IV,[4] Ali raises a claim under the Eighth Amendment. The complaint alleges  that the "confinement of Ali to a small, one-person cell with an additional cellmate violates his Eighth Amendment rights and is cruel and unusual punishment." ECF 15 at ¶ 29. The Eighth Amendment requires that prison officials "must provide humane conditions of confinement[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners

---

[4] As noted in footnote 1, the complaint contains two Count III's. In this opinion, the second County III is identified as Count IV.

from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). This complaint's conclusory allegation that Mr. Ali's cell constitutes an Eighth Amendment violation does not state a claim because it does not provide facts from which it is plausible to infer that he is being denied the minimal civilized measure of life's necessities or is otherwise being subjected to conditions that exceed contemporary bounds of decency. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

In addition to these four defendants, the complaint also names the Indiana Department of Correction as a defendant. The complaint describes it as a state agency responsible for incarcerating convicted persons and as the employer of some of the other defendants. The complaint does not explain why it is named as a defendant or how it could be liable on any of the four counts.

For these reasons, the court:

(1) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count I against David Liebel in his official capacity as the Indiana Department of Correction Director of Religious Services to obtain a permanent injunction, if required by the Religious Land Use and Institutionalized Persons Act, to permit Ali to purchase and possess four religious books (Beginner to Salah/Intro to Islam/Learn Arabic the Easy Way, Arabic-English Dictionary, Quran, and Resurrection, Judgment, and the Hereafter), to purchase and possess eight religious items (Halal tooth paste, Meswak tooth sticks, Halal soap and deodorant, Halal scented prayer oils, an Azan clock, a Thaub 1-piece, a brown Keffia, and a padded prayer rug), to receive Halal/Kosher meals, and to have space to pray five times a day;

(2) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count I against David Liebel in his official capacity as the Indiana Department of Correction Director of Religious Services to obtain a permanent injunction, if required by the Indiana Religious Freedom Restoration Act, to permit Ali to purchase and possess four religious books (Beginner to Salah/Intro to Islam/Learn Arabic the Easy Way, Arabic-English Dictionary, Quran, and Resurrection, Judgment, and the Hereafter), to purchase and possess eight religious items (Halal tooth paste, Meswak tooth sticks, Halal soap and deodorant, Halal scented prayer oils, an Azan clock, a Thaub 1-piece, a brown Keffia, and a padded prayer rug), to receive Halal/Kosher meals, and to have space to pray five times a day;

(3) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count I against David Liebel and William Croto in their official capacities for compensatory damages for

not granting Ali permission to have religious items (Halal soap, toothpaste, oil, sticks, scarf, and Thaub shirt) on or about March 31, 2022, in violation of the Indiana Religious Freedom Restoration Act;

(4) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count I against David Liebel in his official capacity for compensatory damages for removing Ali from the Kosher diet program on September 13, 2023, in violation of the Indiana Religious Freedom Restoration Act;

(5) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count I against Heather Wolfe in her official capacity for compensatory damages for confiscating his religious books (Beginner to Salah/Intro to Islam/Learn Arabic the Easy Way, Arabic-English Dictionary, Quran, and Resurrection, Judgment, and the Hereafter) on or about March 31, 2023, and June 30, 2023, in violation of the Indiana Religious Freedom Restoration Act;

(6) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count II against David Liebel, William Croto, and Heather Wolfe in their individual capacities for nominal and punitive damages for taking the actions which are the basis of his claims in Count I in retaliation for his settlement of two lawsuits related to the exercise of his religious beliefs on or about March 3, 2020, in violation of the First Amendment;

(7) GRANTS Mufti Abdul El-Malik-Bey Ali leave to proceed on Count III against David Liebel, William Croto, and Heather Wolfe in their individual capacities for nominal and punitive damages for taking the actions which are the basis of his claims in Count I in violation of the Free Exercise Clause of the First Amendment;

(8) DISMISSES all other claims;

(9) DISMISSES Heather Montes and Indiana Department of Correction;

(10) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) David Liebel, William Croto, and Heather Wolfe at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 15);

(11) ORDERS the Indiana Department of Correction to provide to the United States Marshals Service the full name and last known home address of any defendant who does not waive service if it has such information;

(12) WAIVES, under N.D. Ind. L.R. 1-1(b), the obligation under N.D. Ind. L.R. 10-1(a) for David Liebel, William Croto, and Heather Wolfe to restate each paragraph of the complaint in their answer because this case is proceeding only on the claims for which Ali was granted leave to proceed in this screening order; and

(13) ORDERS, under 42 U.S.C. § 1997e(g)(2), David Liebel, William Croto, and Heather Wolfe to respond, as provided for in the Federal Rules of Civil Procedure, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 22, 2024                              *s/ Damon R. Leichty*
                                             Judge, United States District Court